IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

ZUANIA VAZQUEZ-PADILLA,

    Plaintiff,

v.                                           CASE NO.:

COGNIZANT TECHNOLOGY
SOLUTIONS U.S. CORP.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ZUANIA VAZQUEZ-PADILLA ("Plaintiff"), by and through undersigned counsel, hereby sues the Defendant, COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORP. ("Defendant") and alleges as follows:

## JURISDICTION, PARTIES AND VENUE

1. This is an action for damages in excess of Thirty Thousand Dollars ($30,000.00), exclusive of interest and costs, and equitable relief.

2. Venue lies within Hillsborough County because a substantial part of the events giving rise to this claim arose in this county.

3. At all times material, Plaintiff was a resident of Hillsborough County, Florida.

4. Defendant is a publicly traded corporation incorporated under the laws of Delaware, with its headquarters located at 211 Quality Circle, College Station, TX 77845. Defendant operates, conducts, engages in, and carries on a business venture in this state and has an office in this judicial circuit, at 7725 Woodland Center Blvd., Tampa, FL 33614, and regularly conducts substantial business there, committed a tortious act within

· LECHNER LAW ·

Florida, and engages in substantial and not isolated activity within Florida.

5. This Court has subject matter jurisdiction pursuant to Section 107(a)(2) of the Family and Medical Leave Act ("FMLA").

## GENERAL ALLEGATIONS

6. Defendant is an employer as defined by the FMLA. Defendant is engaged in commerce or in an industry or activity affecting commerce and employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current and preceding calendar year.

7. Plaintiff was employed by Defendant full-time from August 16, 2018 through January 24, 2020 as a "process executive."

8. Plaintiff is an employee within the meaning of the FMLA and an individual entitled to protection under the FMLA.

9. In August 2019, Plaintiff's child began suffering a serious health condition within the meaning of the FMLA, which involved inpatient care in a hospital and/or continuing treatment by a health care provider.

10. Immediately thereafter, Plaintiff submitted a request, pursuant to Defendant's usual and customary requirements for requesting leave, for an intermittent leave of absence for a FMLA-qualifying reason, namely to care for her child who had a serious health condition.

11. Plaintiff expressly informed management that the time off was needed for FMLA leave.

12. On August 26, 2019, Defendant's family leave administrator notified Plaintiff that she was "eligible for FMLA leave" and granted her intermittent leave under the FMLA.

13. In October 2019, Plaintiff's child was hospitalized for a recurrence of the aforestated serious health condition, for which Plaintiff requested use of some of her approved intermittent FMLA leave.

14. Under the FMLA, an employee is entitled to take intermittent FMLA leave at different times during the year without continually having to requalify for such leave, and the leave may be taken over such periods in an amount equal to the FMLA's twelve-week yearly limit.

15. In January 2020, Plaintiff again had to use her intermittent FMLA leave due to her child's mental condition. Plaintiff still was well within one year of her initial FMLA approval and had not exhausted her twelve-week yearly limit.

16. Although Plaintiff was still well within her initial intermittent FMLA leave period, Defendant demanded that she submit a new Certification of Healthcare Provider form from her child's therapist. On January 24, 2020, Plaintiff complied by submitting, via her work email, the completed Certification of Healthcare Provider form as requested.

17. That same day, January 24, 2020, Defendant's management (Tonya and Michelle) informed Plaintiff that her employment was being terminated. Plaintiff expressly told the managers that she had submitted the aforestated FMLA form.

18. Defendant rejected Plaintiff's FMLA request for no legitimate or lawful reason, thereby interfering with his FMLA rights.

19. Defendant retaliated against Plaintiff because of her request for FMLA leave.

20. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

## COUNT I
## FMLA Interference

21. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 20 as though fully set forth herein.

22. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights.

23. Defendant's actions constitute violations of the FMLA.

24. Defendant acted with malice and with reckless disregard for Plaintiff's federally protected rights.

25. As a result of Defendant's unlawful actions, Plaintiff has suffered damages as follows:

    a. Back pay and benefits;

    b. Front pay and future lost wages

    c. Interest;

    d. Liquidated damages;

    e. Attorneys' fees and costs pursuant to the FMLA;

    f. Equitable relief;

    g. Such other relief as permitted by law.

26. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT II
## FMLA Retaliation

27. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 20 as though fully set forth herein.

28. Defendant terminated Plaintiff's employment because she exercised her FMLA rights.

29. Defendant retaliated against Plaintiff for asserting her FMLA rights.

30. Defendant's actions constitute violations of the FMLA.

31. Defendant acted with malice and with reckless disregard for Plaintiff's federally protected rights.

32. As a result of Defendant's unlawful actions, Plaintiff has suffered damages as follows:

   a. Back pay and benefits;

   b. Front pay and future lost wages

   c. Interest;

   d. Liquidated damages;

   e. Attorneys' fees and costs pursuant to the FMLA;

   f. Equitable relief;

   g. Such other relief as permitted by law.

33. Plaintiff requests relief as described in the Prayer for Relief below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court:

1. Enter a declaratory judgment that the practices complained of in this Complaint are unlawful and violative of the FMLA.

2. Grant all injunctive relief necessary to bring Defendant into compliance with the FMLA.

3. Order Defendant to pay the wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of Defendant's unlawful actions, in amounts to be proven at trial;

4. Order Defendant to reinstate Plaintiff or pay front pay damages;

5. Order Defendant to pay compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial;

6. Order Defendant to pay liquidated damages pursuant to the FMLA;

7. Order Defendant to pay attorneys' fees and costs of the action pursuant to the FMLA;

8. Order Defendant to pay interest at the legal rate on such damages as appropriate, including pre- and post-judgment interest; and

9. Grant any further relief that the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all counts so triable.

Dated this 8th day of December 2021.

          Respectfully submitted,

          */s/ Jay P. Lechner*
          Jay P. Lechner, Esq.
          Florida Bar No.: 0504351
          **JAY P. LECHNER, P.A.**
          Fifth Third Center
          201 E. Kennedy Blvd., Suite 412
          Tampa, Florida 33602
          Telephone: (813) 842-7071
          jplechn@jaylechner.com
          admin@jaylechner.com
          *Attorneys for Plaintiff*